UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**UNITED STATES OF AMERICA,**

v.　　　　　　　　　　　　　　　　Case No. 8:10-cr-252-T-30TBM

**FELIX ENRIQUE TOMALA CRUZ,**
and
**WELLENGTON ROLANDO MACIAS LUCAS**

_____/

O R D E R

This cause comes on for consideration of the United States' Motion for Pretrial Determination of Jurisdiction by the Court (D-42), and Defendant, Wellengton Rolando Macias-Lucas' Response in Opposition to the United States' Motion for a Pre-Trial Determination of Jurisdiction by the Court (D-55), as well as his affidavit (D-56).

An Indictment charged Defendants Cruz, Macias-Lucas, and Victor Hugo Bravo Aremendraiz with One Count of conspiracy to possess with the intent to distribute cocaine, while being onboard a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. §§ 70503(a)(1), 70506(a) and (b), and 21 U.S.C. §

960(b)(1)(B)(ii), and one count of possessing with intent to distribute 5 kilograms of more of cocaine while on a vessel subject to the jurisdiction of the United States in violation of 46 U.S.C. §§ 70503(a)(1) and 70506(a), 18 U.S.C. § 2 and 21 U.S.C. § 960(b)(1)(B)(ii). Defendant Aremendraiz, the captain, entered a guilty plea to both Counts of the Indictment and is awaiting sentencing. Defendants Macias-Lucas and Cruz are set for a date certain trial set to commence on January 24, 2011.

The Government moves for a pre-trial determination of jurisdiction by the Court. In support of its motion, the Government submits a certification from a designee of the Secretary of State. According to the certification, the Coast Guard inquired of the Colombian Navy and the Government of Ecuador whether the vessel MARIA CRISTINA was registered in either country and neither country could confirm or deny that the vessel was of its nationality. The MARIA CRISTINA was therefore determined to be without nationality rendering the vessel subject to the jurisdiction of the United States.

Defendant Cruz did not file any opposition to the

2

Government's motion. Defendant Macias-Lucas contends that the initial response from the Ecuadorian government was "ambiguous" and was "subsequently repudiated." (D-55, p.3.) In this regard, Defendant Macias-Lucas argues that after he and his co-defendants were taken into custody by the Coast Guard, they stopped in Guatemala where the Ecuadorian Ambassador to Guatemala made a "credible claim for his citizens." (Id. at p. 2.) Defendant Macias-Lucas continues that the Coast Guard ignored the Ecuadorian Ambassador's contention that the crew members had been seized in violation of international and Ecuadorian law. Further, Defendant argues that the Ecuadorian government would not have conceded to the United States' assertion of jurisdiction over himself and the co-defendants had the Coast Guard initially disclosed to Ecuador that the crew members are Ecuadorian nationals. Defendant therefore requests that he be returned to the custody of Ecuador.

Title 46, United States Code, section 70503 prohibits a person from knowingly or intentionally distributing, or possessing with the intent to distribute a controlled

substance on board "a vessel subject to the jurisdiction of the United States." 46 U.S.C. § 70503(a)(1). This prohibition applies even though the act is committed outside the territorial jurisdiction of the United States. 46 U.S.C. § 70503(b). A person who violates section 70503 shall be punished as provided under 21 U.S.C. § 960. 46 U.S.C. § 70506(a). A person attempting or conspiring to violate section 70503 is subject to the same penalties as the substantive offense. 46 U.S.C. § 70506(b). For purposes of the offense charged in this case, the penalties are a mandatory minimum ten years to not more than life imprisonment, a $4,000,000 fine, and a 5 year term of supervised release. 21 U.S.C. § 960(b)(1)(B)(ii).

Whether the vessel the Defendants were traveling on is a "vessel subject to the jurisdiction of the United States," within the meaning of 46 U.S.C. § 70502(c) is a preliminary question of law to be determined by the trial judge. 46 U.S.C. § 70504(a). Section 70502(c) provides that a "vessel subject to the jurisdiction of the United States" includes "a vessel without nationality..." 46

U.S.C. § 70502(c)(1)(A). A "vessel without nationality" includes:

> a vessel aboard which the master or individual in charge makes a claim of registry and for which the claimed nation of registry does not affirmatively and unequivocally assert that the vessel is of its nationality.

Id. at § 70502(d)(1)(C).

As previously indicated, the United States has provided a Certification for the Maritime Drug Enforcement Act Case involving Go-Fast Vessel (without nationality) Federal Identification Number - 2010267480. The Certification was executed by Commander Terrance Johns, USCG, on June 28, 2010, and authenticated by the Assistant Authentication Officer of the Secretary of State. According to the Certification, Defendants were aboard go-fast vessel MARIA CRISTINA in international waters, approximately 100 nautical miles southwest of Puntarenas, Costa Rica, on June 13, 2010. The vessel displayed no registry numbers or a hailing port, nor was it flying a national flag. However, what appeared to be a Colombian flag was painted on the side of the vessel. A United States Coast Guard law enforcement team conducted a right-

5

of-visit boarding of the vessel to determine its nationality. The three crew members on board the vessel did not claim nationality for the vessel but reported the last port of call was in Colombia.

The Certification further states that in accordance with the Operational Procedures for Boarding and Search of Vessels Suspected of Illicit Traffic by Sea Related to Narcotics and Psychotropic Substances established pursuant to article 14 of the Agreement Between the Government of the United States of America and the Government of the Republic of Colombia to Suppress Illicit Traffic by Sea, effective February 20, 1997, the Coast Guard inquired, via facsimile and email, with the Colombian Navy, as to the whether go-fast vessel was registered in Colombia. The Colombian Navy could neither confirm nor deny that the vessel was registered in Colombia.

According to the Certification, while the Coast Guard was waiting for a response from the Colombian Navy, a crew member of the go-fast claimed Ecuadorian nationality for the go-fast vehicle but provided no documentation. In accordance with Article 8 of the Ecuadorian Operational

Procedures for Boarding and Search of Vessel Suspected of Illicit Traffic by Sea Related to Narcotics and Psychotropic Substances effective February 20, 1997, the Coast Guard inquired via fax and email with the Government of Ecuador whether the vessel was registered in Ecuador. The Government of Ecuador responded via fax that it could neither confirm nor refute that the MARIA CRISTINA was registered in Ecuador.

The Coast Guard thereafter determined that the vessel was without nationality and boarded and searched the vessel. The United States Coast Guard recovered 2 bales, approximately 170 kilograms, of cocaine that the crew of the MARIA CRISTINA had jettisoned from the vessel.

While Defendant Macias-Lucas argues that the Court should not construe the Secretary of State Certification as conclusive proof of jurisdiction, he provides no authority for his contention. Furthermore, the Court has found no such authority. Notably, the MDLEA provides that:

> (2) Response to claim of registry. The response of a foreign nation to a claim of registry under paragraph (1)(A) or (C) may be made by

> radio, telephone, or similar oral or electronic means, and is proved conclusively by certification of the Secretary of State or the Secretary's designee.

46 U.S.C. § 70502(d)(2). See United States v. Betancourth, 554 F.3d 1329 1334 (11th Cir. 2009) ("under the Act, 'Consent or waiver of objection by a foreign nation to the enforcement of United States law by the United States ... is proved conclusively by certification of the Secretary of State or the Secretary's designee"); United States v. Antonio Munoz Brant-Epigmelio, No. 8:09-cr-404-T-23TGW, 2010 WL 557283, at *5 (M.D. Fla. Feb. 11, 2010) (rejecting defense argument that Certification from the Secretary of State was only "rebuttable prima facie evidence" of waiver of objection by vessel's country of registry to the enforcement of United States law).

While Defendant Macias-Lucas in essence attacks the legitimacy of Ecuador's consent or waiver of objection and claims that the Coast Guard violated international law in refusing to turn Defendant over to the Ambassador of Ecuador, the failure to comply with international law does not divest a court of jurisdiction. 46 U.S.C. § 70505.

Further, only a foreign nation has standing to claim violation of international law. Id. Significantly, "[t]he legitimacy of a flag nation's consent is therefore a question of international law that can be raised only by the foreign nation. United States v. Bustos-Useche, 273 F.3d 622, 626 (5th Cir. 2001).

The Certification, which appears to be in order, establishes that the Colombia Navy and the Government of Ecuador could not and did not affirmatively and unequivocally assert that the vessel was of either Colombian or Ecuadorian nationality. As such, the vessel was a "vessel without nationality," and the United States has satisfied its burden of proving subject matter jurisdiction to interdict and prosecute the persons on the vessel under the Maritime Drug Law Enforcement Act, 46 U.S.C. § 70501 et seq.

IT Is therefore ORDERED THAT:

(1) The United States' Motion for Pretrial Determination of Jurisdiction by the Court (D-42) is GRANTED. The United States has satisfied its burden of proving subject matter jurisdiction to interdict and

prosecute the persons on the vessel under the Maritime Drug Law Enforcement Act, 46 U.S.C. § 70501 et seq.

DONE AND ORDERED at Tampa, Florida this 10th day of January, 2011.

_____
WILLIAM J. CASTAGNA
SENIOR UNITED STATES DISTRICT JUDGE