UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                    Case No. 8:10-CR-252-T-30TBM

FELIX ENRIQUE TOMALA CRUZ
_____/

O R D E R

In April 2014, the United States Sentencing Commission ("Commission") promulgated and submitted to Congress Amendment 782 to the United States Sentencing Guidelines, which reduced the sentencing guidelines for most federal drug trafficking offenders. Specifically, Amendment 782 reduced by two levels the offense levels in U.S.S.G. § 2D1.1(c)'s Drug Quantity Table. In July 2014, the Commission promulgated Amendment 788 and amended U.S.S.G. § 1B1.10, which made Amendment 782 retroactive (effective November 1, 2014) but delayed until November 1, 2015 the effective date for orders reducing prison terms based on Amendment 782. See United States v. Peak, 579 Fed. Appx. 888, 891 n.1 (11th Cir. 2014) (per curiam).

Before the Court is Defendant's Motion for Sentence Reduction Under Amendment 782 (D-208) and the Government's amended response (D-213). In his motion, Defendant seeks a

sentence reduction based on Amendment 782. Additionally, Defendant seeks release from custody prior to November 1, 2015, the delayed release date selected by the Commission in its policy statement, U.S.S.G. § 1B1.10(e). While the Government agrees that Defendant is eligible for a sentence reduction under Amendment 782, and does not oppose a reduced sentence of 63 months or time served, whichever is longer, it opposes Defendant's request to be released before November 1, 2015. (D-213, p. 2.)

Defendant was sentenced before the effective date of Amendment 782. Where, as here, a defendant's original sentence was based on a sentencing range which has subsequently been lowered by a retroactive guidelines amendment, the defendant's sentence may be reduced "if such a reduction is consistent with applicable policy statements issued by the United States Sentencing Commission." 18 U.S.C. § 3582(c)(2).

The Court has reviewed the facts in both the original Presentence Investigation Report and the January 30, 2015 amended memorandum from the United States Probation Office. (D-207.) Having considered the factors set forth in 18 U.S.C. § 3553(a), as well as the nature and seriousness of any danger posed by a reduction of Defendant's sentence, see U.S.S.G. §

2

1B1.10, comment (n.1(b)(ii)), the Court determines that Defendant is eligible for a guideline reduction, and adopts the amended guideline calculations agreed upon by the parties in Defendant's motion (D-208, p. 1-2) and the Government's amended response (D-213, p. 2).[1]

As Defendant is eligible for a sentence reduction under Amendment 782, his motion will be granted to that extent. The Court finds that the November 1, 2015 delayed release date does not violate 18 U.S.C. § 3582(a), 28 U.S.C. § 994(k), or the United States Constitution. The motion is therefore DENIED to the extent Defendant seeks release from custody prior to November 1, 2015.[2] Consistent with U.S.S.G. § 1B1.10(e)(1), and in light of the practical difficulties of a possible release date of Sunday, November 1, 2015, the effective date of this order shall be November 2, 2015.

---

[1] At the original sentencing, pursuant to the Government's U.S.S.G. § 5 K1.1 motion, the Court departed downward two levels to an offense level 29, resulting in a guideline sentencing range of 87 to 108 months. The original concurrent terms of 87 months on Counts One and Two were approximately a 28 percent sentence reduction. A two level reduction in Defendant's amended sentencing guideline range of 87 to 109 months results in a sentencing range of 70 to 87 months, and a comparable reduction for substantial assistance is therefore 63 months.

[2] Defendant's arguments challenging the delayed release provision in U.S.S.G. § 1B1.10(e) are virtually identical to those made in a similar motion before The Hon. James D. Whittemore in United States v. Taurino Espinoza, No. 8:06-Cr-389-T-27MAP, 2015 WL 736396 (M.D Fla. Feb. 20, 2015). The court in Espinoza rejected those arguments in a detailed analysis, and those findings and conclusions in that order are incorporated by reference herein. (Id.)

3

IT IS therefore ORDERED that:

1) Defendant's Motion for Sentence Reduction Under Amendment 782 (D-208) is GRANTED insofar as he requests a reduction in his sentence.

2) Defendant's Motion for Sentence Reduction Under Amendment 782 (D-208) is DENIED insofar as he seeks release prior to November 1, 2015.

3) The Court reduces Defendant's sentence from a period of imprisonment of eighty-seven (87) months to **sixty-three (63) months or time served**, whichever is longer. See U.S.S.G. § 1B1.10(b)(2)(C) ("In no event may the reduced term of imprisonment be less than the term of imprisonment the defendant has already served.").

4) All other provisions set forth in the Judgment (D-126) shall remain in full force and effect.

5) The effective date of this order is November 2, 2015.

**DONE AND ORDERED** this 10th day of March, 2015.

_____
WILLIAM J. CASTAGNA
SENIOR UNITED STATES DISTRICT JUDGE

Copies to:

Counsel of Record
United States Marshal Service
United States Probation Office

4